UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MISAEL YOVANNI GARCIA
AVALOS,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et al.*,

      Respondents,

Case No.:  2:26-cv-00793-SPC-NPM

## OPINION AND ORDER

Before the Court are petitioner Misael Yovanni Garcia Avalos's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 19), and Garcia Avalos's reply (Doc. 20).  For the below reasons, the Court grants the petition.

**A. Background**

Garcia Avalos is a native of Mexico who suffered persecution because he attended a certain military college.  On February 17, 2022, he arrived at Miami International Airport with a B1/B2 visa and applied for admission.  He was processed for expedited removal and removed the next day.  He re-entered the United States without inspection on April 15, 2022.  On November 21, 2023, Garcia Avalos applied for withholding of removal and protection under the

Convention Against Torture.  On December 15, 2023, an immigration judge found Garcia Avalos would likely be persecuted if he returned to Mexico and granted withholding of removal.  Immigration and Customs Enforcement ("ICE") issued an order of supervision.  Garcia Avalos has faithfully complied with the order, and he has never been arrested, charged, or convicted of any crime.

On March 9, 2026, Garcia Avalos reported to ICE for a routine check-in, and ICE revoked his release and arrested him.  He is currently detained at Alligator Alcatraz.  Garcia Avalos challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

### B. Jurisdiction

Before addressing the merits of Garcia Avalos's claim, the Court must address its jurisdiction.  The respondents argue two sections of the INA strip the Court of jurisdiction over this action.  They first points to a provision that bars courts from hearing certain claims.  It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").  "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting review of a removal order.  *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of

jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Garcia Avalos does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Garcia Avalos challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Garcia Avalos's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

### C. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of

"assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Garcia Avalos's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the

removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Garcia Avalos has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE cannot remove Garcia Avalos to Mexico because an immigration judge granted withholding, and ICE has not identified a third country for removal, much less taken steps to begin the third-country removal process. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

**D. Conclusion**

The Court finds no significant likelihood Garcia Avalos will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Garcia Avalos to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Misael Yovanni Garcia Avalos Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Garcia Avalos within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he may be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record